# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00100-CV

**Latanya Ann Wilson, Appellant**

**v.**

**Ditech Financial, LLC, Appellee**

### FROM THE COUNTY COURT OF FAYETTE COUNTY
### NO. 3779, THE HONORABLE JOE WEBER, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

In February 2021, the trial court issued its judgment ordering that appellant Latanya Ann Wilson and other occupants vacate a home in Schulenburg, Texas, and that appellee Ditech Financial, LLC, would be entitled to obtain a writ of possession granting it possession of the property if Wilson and the other occupants did not vacate within two weeks. The trial court also ordered Wilson to pay a bond to pursue her appeal. *See* Tex. Civ. Prac. & Rem. Code § 52.006; Tex. R. App. P. 24.2. After the trial court issued its judgment and Wilson filed her notice of appeal, Wilson filed with this Court an emergency motion for temporary relief arguing that a bond requirement had been set, that she was unable to pay the bond, that she had filed an affidavit of inability to pay, and that the trial court struck her affidavit. We granted the motion and temporarily stayed enforcement of the trial court's

judgment and execution of the writ. *See* Tex. R. App. P. 29.3; *Wilson v. Ditech Fin., LLL*, No. 03-21-00100-CV, 2021 WL 1112900, at *1 (Tex. App.—Austin Mar. 23, 2021, order).

After the clerk's record was filed, we abated the appeal and remanded the case to the trial court to conduct a hearing under Rule of Civil Procedure 145 regarding Wilson's ability to pay court costs and her appeal bond and to issue findings if it concluded that Wilson could pay some or all of the costs and the appeal bond. *See* Tex. R. Civ. P. 145; *Wilson v. Ditech Fin., LLC*, No. 03-21-00100-CV, 2021 WL 2385430, at *1 (Tex. App.—Austin June 11, 2021, no pet.) (mem. op.). We also ordered that a reporter's record of the hearing and a supplemental clerk's record including the trial court's order and any findings be filed with the clerk's office.

The supplemental clerk's record has been filed and includes the trial court's order that Wilson pay an appeal bond of $8,357.60 and that Wilson "is not indigent." The trial court separately made findings of fact and conclusions of law that Wilson "makes $3400.00 per month" and "has the ability of paying all court cost[s]" and "an appellate bond." The evidence from the hearing supports the trial court's findings and conclusions. The trial court's findings also include in boldface language from Rule 145 that Wilson could challenge the order by filing an appeal with this Court within ten days of the order being signed. *See* Tex. R. Civ. P. 145. The trial court's most recent order was signed on July 15, 2021. Wilson did not file an appeal of this order. *See id.*

Ditech Financial, LLC, filed a response to the emergency motion contending that it is entitled to enforce the trial court's judgment because Wilson did not post the bond required by section 24.007 of the Property Code. *See* Tex. Prop. Code § 24.007. Section 24.007 provides that "[a] judgment of a county court in an eviction suit may not . . . be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in

2

an amount set by the county court." *See id.* Because the record shows that the Rule 145 requirements have been met, that Wilson has the ability to pay court costs and the appeal bond, and that Wilson did not file a bond required by section 24.007 of the Property Code or appeal the trial court's most recent order, we dissolve our temporary stay of the enforcement of the trial court's judgment and execution of the writ and deny Wilson's emergency motion for temporary relief.

It is ordered on August 20, 2021.


Before Chief Justice Byrne, Justices Baker and Smith